## S91A1213. VAUGHN v. THE STATE.
(410 SE2d 108)

HUNT, Justice.

Charles Vaughn was convicted of murder in the drowning death of his 15-year-old stepdaughter, Elizabeth Tollet, in Coffee County and sentenced to life in prison.[1] We affirm.

The defendant's neighbor and the neighbor's friend saw the defendant coming from the pond behind the defendant's house. His shoes and shorts were wet. They saw the defendant wash himself off with a hose and put his tennis shoes on a picnic table to dry. About ten minutes later, the two men went down to the pond and found the victim lying face down in the water with a log over her shoulders. An overturned bicycle, with the chain off and the kickstand down, was lying on the bank, but the handlebars were on the bank with the wheels toward, and not in, the water.

One man began to try to revive the victim, while the other ran to the defendant's house to alert the victim's family. The defendant called the police and told them his daughter had fallen off her bicycle, when the neighbor had not reported that to the defendant. The defendant went to the pond and stopped the resuscitation efforts, saying "Leave her alone, she's dead." He threw a cigarette butt into the water before he left the pond. Investigators retrieved that and a second butt from the water bearing the same brand name. The 17-year-old sister of the victim testified the defendant had not left the house before hosing himself off; the defendant also denied to investigators he had left the house, and told them he had gotten wet when his son pushed him into a plastic pool.

Abrasions on both shoulders, some superficial marks on the victim's back, and bruises on her wrist and lower lip were the only marks found on the body at the autopsy. The state's expert thought the marks were made by the victim's clothes rubbing on her back as she struggled against someone holding her under water by her clothes before she died; the defense expert opined the marks were caused post-mortem either by the log rubbing on the victim's clothes, by the attempts of an amateur at CPR, or by the weight of the body when it was transported to the morgue.

Investigators interviewed the family of the victim at the police station. The defendant was a suspect. (A police officer was directed to speak to the children and to retrieve the defendant's shorts and

---

[1] The victim died on June 24, 1987, and the defendant was indicted on August 21. He was convicted during a jury trial on February 17 through 26, 1988. He filed his motion for new trial on March 3, 1988, and amended it on June 18, 1990, but it was denied on September 28, 1990. The trial transcript had been certified on February 25, 1989. The notice of appeal was filed on October 24, 1990, and docketed in this court on June 11, 1991. The appeal was argued on September 10, 1991.

sneakers from the house while the defendant was at the station.) No *Miranda* warnings were given, and the defendant was allowed to leave the station after the interviews. The defendant was unemployed and knew his wife had purchased, and was the beneficiary of, a $40,000 double-indemnity life insurance policy on each of the children.

1. The defendant contends the circumstantial evidence is insufficient to meet the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We have reviewed the evidence in the light most favorable to the jury's determination, and conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, supra; *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The defendant also complains the trial court erred in failing to suppress the defendant's statement for want of *Miranda* warnings. The defendant and his wife were invited to come to the criminal justice center to make a statement and were permitted to leave afterward. Though the defendant was, indeed, a suspect, he was not in custody. The trial court's finding that the noncustodial statement was voluntary was not clearly erroneous. *Hardeman v. State*, 252 Ga. 286 (1) (313 SE2d 95) (1984).

3. We have considered the remaining enumerations of error and find no error that mandates a new trial. The defendant's conviction of murder is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 15, 1991.

*Walters, Davis, Smith, Weeks & Pittman, C. Paul Bowden,* for appellant.

*Harry D. Dixon, Jr., District Attorney, John A. Rumker, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.