A92A1021. MOODY v. THE STATE.
(422 SE2d 70)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty, but mentally retarded on five counts of child molestation and two counts of aggravated child molestation. See OCGA § 17-7-131 (b) (1) (E). He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates as error the admission into evidence of

an inculpatory statement which he gave to investigating officers.

It does not appear that, at the time the statement was given, appellant was in custody. See *Vaughn v. State*, 261 Ga. 686, 687 (2) (410 SE2d 108) (1991). "For Miranda to apply a person must be taken into custody or otherwise deprived of his freedom of action in any significant way. [Cits.] Miranda warnings are not required simply because questioning takes place in a building containing jail cells. [Cits.]" *Hardeman v. State*, 252 Ga. 286, 288 (1) (313 SE2d 95) (1984).

In any event, a *Jackson v. Denno* hearing was held and, based upon the evidence adduced therein, the trial court was authorized to find that appellant had been given the *Miranda* warnings and that he understood those rights. "The fact that [appellant] may have been suffering from some mental condition was not alone sufficient to exclude the [inculpatory statement]. [Cit.] A trial court may be authorized to find that an individual is capable of waiving his rights even though there is evidence to the effect that he is moderately retarded. [Cit.] Retardation, and the extent of the same as presented by the ambit of the evidence in this case, is one of the facts that had to be determined by the trial court at the *Jackson v. Denno* hearing. Once the determination is made it will be approved by this court unless we find that it is clearly erroneous. [Cit.] . . . . The [trial] court's determination was not clearly erroneous in this instance." *Moses v. State*, 245 Ga. 180, 186 (5) (263 SE2d 916) (1980).

Based upon the evidence adduced at the *Jackson v. Denno* hearing, the trial court was likewise authorized to find that appellant had given his inculpatory statement freely and voluntarily and without hope of benefit or fear of injury. Accordingly, the trial court correctly found that it was for the jury to determine the weight to be given to appellant's inculpatory statement.

2. Pursuant to OCGA § 24-3-16, the trial court admitted evidence of out-of-court statements attributed to the victims. There was no error in the admission of this evidence. See *Young v. State*, 199 Ga. App. 520, 521 (2) (405 SE2d 338) (1991).

3. On cross-examination, one of the victims denied the occurrence of an incident wherein he had allegedly exposed himself. Thereafter, appellant called a witness who was prepared to testify that the victim had in fact committed the act of exposure. The trial court's refusal to allow this witness to testify is enumerated as error.

In a molestation case, evidence of the child's prior victimization may be admissible to rebut the State's child abuse accommodation syndrome evidence and to elucidate the credibility of the child's testimony. *Hall v. State*, 196 Ga. App. 523, 524 (2) (396 SE2d 271) (1990). However, the excluded evidence in the instant case did not relate to any prior improper conduct committed against the victim, but to alleged improper conduct committed by the victim. Accordingly, the ex-

cluded evidence did not relate to prior victimization of the child, but to the prior sexual experiences of the child himself. The prior sexual experiences of the alleged victim of child molestation "is irrelevant to the issue of whether molestation was committed by the defendant on trial. [Cit.]" *Chastain v. State*, 180 Ga. App. 312, 313 (349 SE2d 6) (1986), aff'd 257 Ga. 54 (354 SE2d 421) (1987). "[P]revious sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or [a] preoccupation with sex. [Cit.]" *Hall v. State*, supra at 525 (2). It is immaterial that, on cross-examination, the victim denied the occurrence of the incident. "A witness can not be impeached by proof of inadmissible matters simply because the witness has denied these matters." *Clarke v. State*, 41 Ga. App. 556 (2a) (153 SE 616) (1930).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Walters, Davis, Smith, Meeks & Pittman, C. Paul Bowden*, for appellant.

*David E. Perry, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellee.