A95A0550. BENNETT v. THE STATE.
(454 SE2d 562)

BLACKBURN, Judge.

The appellant, Randall O. Bennett, appeals from the trial court's denial of his motion in arrest of judgment following his misdemeanor conviction of driving under the influence of alcohol.

On May 8, 1988, Bennett was involved in an automobile collision with a Fulton County police vehicle. He was arrested and issued separate "Uniform Traffic Citation, Summons, Accusation/Warning" (UTC) for driving under the influence of alcohol and driving without a driver's license.[1] The jurat portions of the attesting officer's certification contained in the UTCs were not signed and completed by the arresting officer. Bennett entered a plea of not guilty to the DUI offense on June 23, 1993, and the case proceeded to a bench trial on that date. Prior to the commencement of the trial, Bennett orally moved to dismiss the prosecution of the offense based upon the incomplete certification, and the trial court denied the motion because it was untimely filed and was not in writing. Bennett orally renewed the motion to dismiss and the trial court again denied the motion.

In his sole enumeration of error, Bennett asserts that the trial court erred in denying his oral motion to dismiss and in denying his written motion in arrest of judgment based upon the absence of the arresting officer's certification on the UTCs and the State's failure to file a formal accusation prior to the expiration of the applicable stat-

---

[1] The offense of driving without a driver's license was dead-docketed based upon the insufficiency of the facts to obtain a conviction.

ute of limitation.

"OCGA § 17-7-111 provides that [i]f the defendant, upon being arraigned, demurs to the indictment, the demurrer shall be made in writing. Uniform Superior Court Rule 31.1 [which is applicable in state courts] requires that all motions, demurrers, and special pleas be made at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial. Where the accused desires to take exception to the form of an indictment, it is essential that he should do so by a demurrer or motion to quash, made in writing and before entering a pleading to the merits." (Citations and punctuation omitted.) *Dunbar v. State*, 209 Ga. App. 97, 98 (432 SE2d 829) (1993).

In the case at bar, Bennett made no motion in writing prior to entering a plea to the DUI offense and hence, waived any objections to the form of the accusation contained in the UTC, including any objection to the incompleteness of the arresting officer's certification. Accordingly, this issue has not been properly preserved for appellate review. See *Lankford v. State*, 204 Ga. App. 405 (2) (419 SE2d 498) (1992).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 7, 1995 —
RECONSIDERATION DENIED FEBRUARY 22, 1995 —

*Donald C. Turner*, for appellant.

*Paul L. Howard, Jr., Solicitor, Deborah W. Espy, Jane Morrison, Assistant Solicitors*, for appellee.