A97A2579. HENDRIX v. THE STATE.
(497 SE2d 236)

Birdsong, Presiding Judge.

Harold Hendrix, a/k/a Harold Hendricks, appeals his conviction of one count each of child molestation, cruelty to children, and aggravated sexual battery of his nine-year-old adopted daughter. Appellant enumerates eight errors. *Held*:

1. The trial court did not err in ruling that appellant's pre-arrest statement was non-custodial, voluntary, and admissible at trial. A female employee of the county DFACS investigated the child molestation allegations; appellant had been named as the alleged perpetrator by his daughter. The employee contacted appellant and requested that he come down to the local police station. Although the employee did not advise appellant of the specific allegations made against him, she did inform him who she was and that "there had been some allegations" made. Appellant immediately went to the police station of his own free will; no threats or promises were made to get him to do so. When he arrived, appellant was taken to a small interview room, without windows, located in the interior of the building. For reasons of privacy, the interview was not conducted in the lobby; the counsel room was not used as someone had been locking the counsel chamber doors. Appellant did not appear to be under the influence of drugs or alcohol at the time of the interview. According to protocol, appellant was interviewed by the employee in the presence of a female police investigator. The officer was dressed in khaki pants with a button-down oxford shirt; although she had a badge, the officer was not carrying any weapon. Appellant was introduced to the DFACS employee and to the police investigator and then informed of the allegations made against him. At no time during the interview process was he informed of his right to counsel, of his right to remain silent, or told that anything he said could be used against him. Appellant was not placed under formal arrest, he was not in handcuffs and, although not so informed, he was free to leave the station at any time. Except for a few questions asked at the end of the interview by the police officer, the interview was conducted by the DFACS

employee. Appellant responded voluntarily to questions regarding the allegations made against him, and the DFACS employee then set up a "safety plan," as she had done with the child's mother. Thereafter, appellant departed the station in the same manner in which he had arrived; he was not charged or detained at that time. Appellant was arrested the next day. Appellant testified that, at the police station, he did not feel that he was free to come and go if he wanted to, because he had never been in trouble before and did not know what rights he had or what to do.

The trial court ruled appellant's pretrial statement could be admitted in evidence and held that appellant was free to leave the police station at any time, he was not in custody, the statement was not taken during a custodial interrogation, and his "statement was freely and voluntarily given without the slightest hope of benefit or remotest fear of injuries. . . . No promises were made to him."

"[T]he issue presented, as to whether appellant was in custody for *Miranda* purposes, is a mixed question of law and fact. We will not reverse the trial court's fact findings which underpin its legal conclusion made at a suppression hearing, unless they are clearly erroneous." *Whatley v. State*, 196 Ga. App. 73, 78 (5) (395 SE2d 582). A person is not in a state of custody merely because he is a prime suspect at the time he is interrogated by the police or their agent. See *Vaughn v. State*, 261 Ga. 686, 687 (2) (410 SE2d 108). Even if the police have probable cause to arrest at the time of the interview and secretly intend to charge the suspect at some future time, such facts are immaterial to a determination of whether the suspect was in custody at the time of the interview, except when and to what extent the police communicate their future intent to arrest during the course of the interview. *State v. Brannan*, 222 Ga. App. 372, 376 (2) (c) (474 SE2d 267). " '*Miranda* warnings are not required simply because questioning takes place in a building containing jail cells.' " Id. at 375. A suspect must be in a custodial situation for *Miranda* to apply; a suspect is not entitled to *Miranda* warnings, as a matter of right, unless he has been taken into custody or has been deprived of freedom of action in another significant way. *Hardeman v. State*, 252 Ga. 286, 288 (1) (313 SE2d 95); *Carroll v. State*, 208 Ga. App. 316, 317 (2) (430 SE2d 649). The cases cited by appellant in support of this enumeration of errors are distinguishable. The real issue for adjudication "is whether the individual was formally arrested or restrained to the degree associated with a formal arrest." *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16). In resolving this issue, the "relevant inquiry is how [a] reasonable person in suspect's position would perceive his situation" (*Hodges*, supra, citing *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317)); that is, "whether 'a reasonable person in [appellant's] position would have understood the

situation to constitute restraint on freedom of movement of the degree which the law associates with formal arrest.'" *Manchester v. State*, 226 Ga. App. 653, 655 (1) (487 SE2d 449). Applying these standards to the evidence before us, we conclude the trial court's finding that the appellant's statement was voluntarily made under noncustodial circumstances was not clearly erroneous. Compare *Hodges*, supra; *Vaughn*, supra; *Manchester*, supra.

2. Jury instructions must be read and considered as a whole in determining whether a charge contained error. *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177). Absent a remedial instruction, reversible error can occur if a jury charge recites the entire statutory definition of a crime, thereby informing the jury that a crime may be committed in more than one manner, when the indictment avers that the crime was committed only in one specific way. *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (court failed to give a remedial instruction limiting jury's consideration to the manner in which the offense was averred to have been committed in the indictment); but compare *Green v. State*, 221 Ga. App. 694 (2) (472 SE2d 457). In this instance, the trial court did not err in charging the entire language of OCGA § 16-5-70 (b), pertaining to the offense of cruelty to children, as the jury was also given an instruction which confined the elements of the crimes charged to those "material allegation[s] in the indictment." *McClain v. State*, 220 Ga. App. 474, 475 (2) (469 SE2d 756).

3. In its aggravated sexual battery charge, the trial court pertinently instructed the jury that: "A child under the age of 16 cannot consent to sexual acts. . . . [L]ack of consent is proved by evidence of the [child's] age." Appellant's contention that the trial court violated OCGA § 17-8-57 by instructing the jury that the State had "proved" lack of consent, a material element of aggravated sexual battery, is without merit. The trial court did not instruct the jury that the State had proved lack of consent. When the charge is viewed in its totality and in the context given (see, e.g., *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704)), it becomes apparent that the trial court did not express a personal opinion as to the state of the evidence but rather instructed that, in regard to lack of consent to an act of sexual battery, a child under age 16 cannot consent to sexual acts and that lack of consent is proved by evidence of the child's age. (It was left for the jury to determine the child's age based on the evidence before it.) Under the facts of this case, this charge was an accurate statement of the law. *Luke v. State*, 222 Ga. App. 203, 205-206 (1) (b), n. 2 (474 SE2d 49); compare *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a), 776-777 (1) (b) (479 SE2d 125); see also *Phagan v. State*, 268 Ga. 272 (486 SE2d 876). The trial court did not violate the provisions of OCGA § 17-8-57 when, as here, it simply charges on a point of law. *Willis v. State*, 214 Ga. App. 479, 481 (5) (448 SE2d 223).

This holding is consistent with the previous recognition of appellate courts that "[b]ecause children do not have the capacity to give consent to or resist a sexual act directed at them, such acts 'are, *in law*, forcible and against the will' of a child." (Emphasis supplied.) *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178); *Richardson v. State*, 256 Ga. 746, 747 (2) (353 SE2d 342). Cf. *Daniel v. State*, 194 Ga. App. 495, 497-498 (391 SE2d 128) (modern sexually transmitted disease creates new dimension to legal question of intelligent and informed consent to a sexual act by a child).

4. It constitutes an act of aggravated sexual battery for a person to penetrate intentionally and without consent the sexual organ of another with his finger or other foreign object. *Burke v. State*, 208 Ga. App. 446 (1) (430 SE2d 816); OCGA § 16-6-22.2. We find penetration however slight will suffice to satisfy the statutory penetration element of OCGA § 16-6-22.2; penetration may be proved by indirect or circumstantial evidence. Cf. *Ortiz v. State*, 222 Ga. App. 432 (1) (474 SE2d 300) (only slight penetration required for rape). The trial court did not err in charging the jury that "penetration of the child's sex organ need only be slight."

5. The testimony of the child victim, the adults to whom the child made statements about appellant's conduct, and the statement which appellant made to the DFACS employee in the presence of a police investigator established facts from which the jury could conclude beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of child molestation, cruelty to children, and aggravated sexual battery of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 9, 1997 —
RECONSIDERATION DENIED FEBRUARY 16, 1998

*Kathleen J. Anderson, Kevin R. Christopher, William D. Healan III*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.