### A98A1743. THOMPSON v. THE STATE.
(506 SE2d 201)

BLACKBURN, Judge.

Earl Fenton Thompson appeals his convictions by a jury of carrying a concealed weapon, carrying a pistol without a license, and possession of a firearm by a convicted felon. Thompson contends that the trial court erred by: (1) denying his motion in limine; (2) denying his motion to dismiss the indictment; and (3) refusing to give a requested jury charge. For the reasons discussed below, we affirm Thompson's convictions.

1. In his first enumeration of error, Thompson asserts that the trial court erred in denying his motion in limine in which he sought to exclude the introduction of statements he made at the time of his arrest. In our review of the trial court's order denying Thompson's motion to suppress, we construe the evidence most favorably to uphold the trial court's ruling. *Mao v. State,* 222 Ga. App. 482, 483 (474 SE2d 679) (1996). It is the trial court's duty to resolve conflicts in the evidence, and its findings of credibility and fact will not be disturbed on appeal unless they are clearly erroneous. *Id.*

During the hearing on Thompson's motion in limine, Officer Mike Embry with the Savannah Police Department testified that Andrea Beasley drove her car into the police precinct yard while several officers were present during a shift change. Beasley exited the car, identified herself to Officer Embry, and told him that her boyfriend beat her up, threatened her, and had a gun. Officer Embry went to the vehicle and confronted Thompson who was sitting in the passenger seat. Officer Embry testified that Thompson was loud, belligerent, and vulgar, and that he denied that there was a gun in the car. However, another officer found a gun under the front passenger seat. At that point, Thompson started talking in a rambling manner — first denying the gun was his, then admitting it was his, but saying that the police could not prove it. Thompson was put in a police cruiser where he continued to talk, saying to Beasley; "I can't believe you told them about — that I had the gun, had the gun on me."

Based on this testimony, Thompson's statements can be put in two groups: (a) those statements made in Beasley's car in response to the officer's initial inquiry, and (b) those statements made once he was put into the police cruiser. Thompson contends that none of his statements should have been admitted at trial because he had not been given his *Miranda* warnings.

(a) The trial judge determined that the first statements made by Thompson either were made in response to the officer's initial inquiry while investigating the situation or were made prior to Thompson being placed in custody.

We have specifically held that "*Miranda* warnings are not required when a person responds to an officer's initial inquiry at an on-the-scene investigation which has not become accusatory." *Williamson v. State*, 171 Ga. App. 904, 905 (321 SE2d 762) (1984). We agree with the trial court that the first of Thompson's statements were made in response to the officer's initial inquiry and were admissible.

"The issue presented, as to whether [Thompson] was in custody for *Miranda* purposes, is a mixed question of law and fact. We will not reverse the trial court's fact findings which underpin its legal conclusion made at a suppression hearing, unless they are clearly erroneous. *Whatley v. State*, 196 Ga. App. 73, 78 (5) (395 SE2d 582) [(1990)]. A person is not in a state of custody merely because he is a prime suspect at the time he is interrogated by the police or their agent. See *Vaughn v. State*, 261 Ga. 686, 687 (2) (410 SE2d 108) [(1992)]. Even if the police have probable cause to arrest at the time of the interview and secretly intend to charge the suspect at some future time, such facts are immaterial to a determination of whether the suspect was in custody at the time of the interview, except when and to what extent the police communicate their future intent to

arrest during the course of the interview. *State v. Brannan*, 222 Ga. App. 372, 376 (2) (c) (474 SE2d 267) [(1996)]. . . . A suspect must be in a custodial situation for *Miranda* to apply; a suspect is not entitled to *Miranda* warnings, as a matter of right, unless he has been taken into custody or has been deprived of freedom of action in another significant way. *Hardeman v. State*, 252 Ga. 286, 288 (1) (313 SE2d 95) [(1984)]; *Carroll v. State*, 208 Ga. App. 316, 317 (2) (430 SE2d 649) [(1993)]. . . . The real issue for adjudication is whether the individual was formally arrested or restrained to the degree associated with a formal arrest. *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16) [(1995)]. In resolving this issue, the relevant inquiry is how a reasonable person in [a] suspect's position would perceive his situation (*Hodges*, supra, citing *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SC 3138, [3151,] 82 LE2d 317) [(1984)]); that is, whether a reasonable person in [Thompson's] position would have understood the situation to constitute restraint on freedom of movement of the degree which the law associates with formal arrest. *Manchester v. State*, 226 Ga. App. 653, 655 (1) (487 SE2d 449) [(1997)]." (Punctuation omitted.) *Hendrix v. State*, 230 Ga. App. 604, 605-606 (497 SE2d 236) (1998).

Applying these standards to the evidence before us, we conclude the trial court's finding that Thompson's initial statements were voluntarily made under noncustodial circumstances was not clearly erroneous. Compare *Hodges*, supra; *Vaughn*, supra; *Manchester*, supra.

(b) The trial court determined that the remainder of Thompson's statements were voluntary and not the result of police interrogation.

"Not all in-custody statements are subject to *Miranda*. A volunteered statement, which is not the product of interrogation or its functional equivalent, would not be suppressible on this ground. *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980). . . . The definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response. . . . *Zubiadul v. State*, 193 Ga. App. 235, 237 (387 SE2d 431) (1989)." (Punctuation omitted.) *Johnson v. State*, 224 Ga. App. 568, 569 (481 SE2d 268) (1997). In the present case, the trial court's finding that Thompson's statements were not made as a result of custodial interrogation is not clearly erroneous.

2. In Thompson's second enumeration of error, he contends that the trial court erred in denying his motion to dismiss the indictment which was premised on the fact that the warrant was not signed by a judicial officer. Thompson's motion to dismiss was untimely. It was filed on the morning of jury selection for his trial. We have previously determined that OCGA § 17-7-111 and Uniform Superior Court Rule

31.1 require that any demur to the indictment be made in writing at or before arraignment unless extended by the judge in writing prior to trial. See *Bennett v. State*, 216 Ga. App. 365, 366 (454 SE2d 562) (1995). As Thompson did not obtain an extension, his motion was untimely and, therefore, properly denied.

3. In his final enumeration of error, Thompson contends that the trial court erred in failing to give his requested jury charge regarding the presumption that the driver of a car is assumed to be in possession, custody, or control of all things in it and his requested charge regarding equal access.

"The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. *Lombardo v. State*, 187 Ga. App. 440 (5) (370 SE2d 503) [(1988)]; *Mendez v. State*, 185 Ga. App. 1 (1) (363 SE2d 262) [(1987)]; *Castillo v. State*, 166 Ga. App. 817 (2) (305 SE2d 629) [(1983)]. However, if two or more persons shared actual or constructive possession of a thing, possession is joint. *Mendez*, supra at 1-2.

"We are satisfied that the evidence of record, when viewed in a light most favorable to the verdict, does not reasonably raise the issue of equal access, but only the issue of joint possession. It is not error to decline to instruct on an issue not reasonably raised by the evidence. See *Britt v. State*, 184 Ga. App. 445 (1) (361 SE2d 710) [(1987)]; *Pittman v. State*, 175 Ga. App. 50 (1) (332 SE2d 356) [(1985)]. Equal access is merely a defense available to the accused to whom a presumption of possession flows. Where the State did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense. *Akins v. State*, 184 Ga. App. 441 (1) (361 SE2d 707) [(1987)]. Likewise, when the trial judge elects not to charge the [jury] on the presumption of possession, an equal access instruction is not required. See *Akins*, supra." (Punctuation omitted.) *Lance v. State*, 191 Ga. App. 701, 703 (2) (382 SE2d 726) (1989).

Thompson was not entitled to an equal access charge because such charge applies only in cases where the presumption of possession is in the accused. Thompson attempted to use the presumption of possession as a defense, which it is not. See *Lance*, supra. The trial court did not err in refusing to give Thompson's requested charges.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 20, 1998.

*Joyce M. Griggs*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.