A02A1996. WIGGINS v. THE STATE.
A02A1997. DAVIS v. THE STATE.
(574 SE2d 896)

JOHNSON, Presiding Judge.

Alvin Wiggins, Vartnie Davis and Yolanda Moody were jointly tried for, and convicted of, trafficking in cocaine. Moody's conviction was affirmed in a prior appeal that was not officially reported.[1] Wiggins and Davis now appeal. Because they were tried together and

---

[1] *Moody v. State*, 251 Ga. App. XXVII (2001).

assert essentially the same errors, we shall review their appeals together.

1. Wiggins and Davis challenge the sufficiency of the evidence supporting their convictions. On appeal from a criminal conviction, this court does not presume that the appellant is innocent, and we do not weigh the evidence or determine the credibility of witnesses.[2] Rather, we review the evidence in the light most favorable to the verdict to determine if there is sufficient evidence from which a rational trier of fact could have found the accused guilty of the crime charged beyond a reasonable doubt.[3]

Viewed in that light, the evidence shows that Wiggins was driving Davis' car while Davis rode in the front passenger seat and Moody was in the backseat. A deputy sheriff followed the car for several miles and saw Wiggins repeatedly weave the car out of its lane of traffic. The deputy stopped the car for crossing the road's centerline.

At the deputy's request, Wiggins produced an insurance card but could not produce any identification. He did not have a driver's license, and when the deputy asked for his Social Security number, Wiggins gave a number that the deputy found was not on file. Wiggins then gave the deputy a different Social Security number, which came back as the Social Security number for a white male. Wiggins, who is African-American, appeared nervous and would not stand still. He told the deputy that he was going to the town of Dublin, but later told another officer that he was going to Vidalia.

While trying to confirm Wiggins' identity, the deputy called for a drug dog to be brought to the traffic stop. About 30 minutes after the stop, an officer arrived with the dog. The dog sniffed around the car and alerted the officers that there were drugs in the car. Officers searched the car and found a package containing 165 grams of crack cocaine under the front passenger seat and another package containing 235 grams of powder cocaine in a bag sitting on the backseat.

Contrary to the claims of Wiggins and Davis, the evidence was sufficient to support the jury's finding that they knowingly possessed the more than 28 grams of cocaine found in their car and are thus guilty of trafficking in cocaine.[4]

2. Wiggins and Davis argue that the evidence demanded a verdict in their favor because all of the car's occupants had equal access to the drugs, and they argue that the trial court erred in failing to charge the jury on the equal access defense. The arguments are without merit because the equal access defense does not apply in this case of joint possession by co-defendants.

---

[2] *Smart v. State*, 253 Ga. App. 649, 654 (7) (560 SE2d 92) (2002).
[3] Id.
[4] OCGA § 16-13-31.

Equal access is a defense available when there is a presumption that the accused possessed contraband.[5] In the automobile context, this means that the presumption that contraband found in a car was in the exclusive possession of the car's owner or driver may be overcome by evidence showing that someone other than the owner or driver had equal access to the contraband.[6] But if the state does not rely on such a presumption of possession, there is no triggering of the equal access defense.[7] Likewise, if the judge does not charge the jury on the presumption of possession, then an equal access instruction is not required.[8]

In the instant case, the trial judge did not charge the jury on any presumptions of possession and the state did not rely on the presumption that Davis, as the car's owner, and Wiggins, as the driver, were in exclusive possession of the cocaine found in the car. Instead, the state indicted Wiggins, Davis and Moody together and prosecuted them as co-defendants who jointly possessed the drugs. The equal access defense is not applicable to co-indicted conspirators who are charged with joint possession of contraband.[9] Accordingly, the evidence of joint possession did not trigger the equal access defense, and the trial court properly refused to give an equal access charge.

3. Wiggins and Davis contend that the trial court should have suppressed evidence found after the stop of the car because the deputy illegally detained them until the drug dog arrived based solely on Wiggins' nervousness. While it is true that nervousness alone does not give an officer reasonable suspicion of criminal activity,[10] the deputy in the instant case based his detention of Wiggins, Davis and Moody on more than mere nervousness. In addition to his nervous behavior, Wiggins did not produce a valid driver's license, he gave the deputy two different Social Security numbers and he gave conflicting stories about his destination. Under these circumstances, the deputy did not call for the drug dog based on mere caprice or a hunch.[11] Rather, given all the circumstances he had a reasonable suspicion of criminal activity that justified the brief investigative detention arising from a lawful traffic stop.[12]

4. Wiggins and Davis enumerate that the trial court erred in overruling an objection to the relevancy of a forensic pharmacologist's testimony about the street value of the cocaine. This enumera-

[5] *Thompson v. State*, 234 Ga. App. 74, 77 (3) (506 SE2d 201) (1998).
[6] Id.
[7] Id.
[8] Id.
[9] *Copeland v. State*, 228 Ga. App. 734, 738 (5) (492 SE2d 723) (1997).
[10] *Simmons v. State*, 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996).
[11] *Padron v. State*, 254 Ga. App. 265, 268-269 (1) (562 SE2d 244) (2002).
[12] *Jones v. State*, 253 Ga. App. 870, 873 (560 SE2d 749) (2002).

tion is without merit because we have previously held in a trafficking in cocaine case that evidence of street value is probative to help explain a person's nervousness when his vehicle has been stopped by a law enforcement officer.[13] Moreover, the enumeration provides no basis for reversing the appellants' convictions because an objection to the admission of evidence solely on the ground that it is irrelevant is insufficient to establish error requiring reversal.[14]

5. The trial court did not err in sentencing Wiggins and Davis as recidivists because they both have prior felony convictions from Florida.[15]

*Judgments affirmed in both cases. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002.

*McNatt & Greene, Troy L. Greene*, for appellant (case no. A02A1996).

*Alan P. Layne*, for appellant (case no. A02A1997).

*Steven Askew, District Attorney*, for appellee.

---

[13] *Edwards v. State*, 219 Ga. App. 239, 247 (8) (464 SE2d 851) (1995).
[14] *Volcey v. State*, 200 Ga. App. 881, 883 (2) (410 SE2d 36) (1991).
[15] OCGA § 17-10-7.