A10A0591. THE STATE v. BILLINGS.
(693 SE2d 627)

ANDREWS, Presiding Judge.

The State appeals from the trial court's order granting a motion by Christopher Lamont Billings to suppress pretrial statements he made to a police officer.[1] The trial court suppressed the statements on the basis that they were made while Billings responded to custodial interrogation without first being informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Because we conclude that Billings was not in police custody and was not entitled to *Miranda* warnings before he made the statements, we reverse.

To protect the Fifth Amendment privilege against self-

---

[6] Id. at 184, citing *Westmoreland v. Westmoreland*, 243 Ga. 77, 79 (252 SE2d 496) (1979).
[7] (Emphasis supplied.) Id.
[1] Pursuant to OCGA § 5-7-1 (a) (4), the State directly appealed from the trial court's order excluding this evidence from the State's case charging Billings with possession of methadone with intent to distribute.

incrimination, *Miranda* requires that, before being interrogated while in police custody, suspects receive warnings that (1) they have the right to remain silent; (2) their statements may be used against them at trial; (3) they have the right to have an attorney present during questioning; and (4) if they cannot afford an attorney, one will be appointed for them. Id. at 478-479. Any pretrial statements obtained from a suspect in violation of *Miranda* are inadmissible at trial. Id. at 492. At issue is whether Billings was in the custody of the police officer when he answered the officer's questions.

At a pretrial hearing to determine whether Billings was entitled to *Miranda* warnings, a City of Monroe police officer testified that she was working on a security detail at Angel Food Ministries when an Angel Food security employee told her that he suspected Billings was trying to sell drugs on the premises. The employee identified Billings in the Angel Food mail room, a large room where other Angel Food employees were working at the time. The officer questioned Billings in the mail room. The officer asked Billings about the security employee's concerns; Billings denied doing anything; and the officer asked Billings if he would consent to emptying the contents of his pockets. Billings consented and placed the contents of his pockets on top of a cardboard box next to where they were standing. The officer observed a few papers, a key, and a clear plastic wrapper with white round pills inside. The officer asked Billings about the pills, and Billings responded that he found them on the floor; did not know what they were; and put them in his pocket. The officer asked Billings what he had been doing with the pills, and Billings first responded that he did not know what he planned to do with the pills because he did not know what they were, but then stated that he was going to sell them. At that point, the officer left Billings and questioned other witnesses at the scene regarding the pills. After questioning those witnesses, the officer returned about 30 minutes later and arrested Billings. Billings was not restrained during the questioning or prior to his formal arrest. Billings made no statements after he was arrested. It is undisputed that the officer did not give Billings *Miranda* warnings prior to arresting him. The trial court found that Billings was in the officer's custody after the pills were discovered, and that the officer was required at that point to inform Billings of his *Miranda* rights before additional questioning. Because the officer did not inform Billings of his *Miranda* rights when the pills were discovered, the trial court suppressed all the statements Billings made to the officer after that point.

"*Miranda* warnings are required when a person is (1) formally arrested or (2) restrained to the degree associated with a formal arrest. Unless a reasonable person in the suspect's situation would perceive that he was in custody, *Miranda* warnings are not neces-

sary." (Citation and punctuation omitted.) *Robinson v. State*, 278 Ga. 299, 301 (602 SE2d 574) (2004). Evidence that the person being interrogated is a prime suspect is not dispositive of the custody issue. *Sewell v. State*, 283 Ga. 558, 561 (662 SE2d 537) (2008); *Hendrix v. State*, 230 Ga. App. 604, 605 (497 SE2d 236) (1998). Even where police have probable cause to arrest at the time of the interrogation and intend to arrest the suspect in the future, the intent to arrest in the future is irrelevant to the custody issue, unless the police communicate the intent during the course of the interrogation. Id. Thus, the proper inquiry with respect to the issue of custody is not whether the person being interrogated was a prime suspect or whether police had probable cause to arrest, but whether a reasonable person in the suspect's position would have perceived that he was in custody. *Sewell*, 283 Ga. at 561; *Timmreck v. State*, 285 Ga. 39, 41 (673 SE2d 198) (2009).

The evidence shows that Billings was not isolated by police for questioning, but was questioned in an open work area in the presence of Angel Food workers. He was not restrained during the questioning. There is no evidence that, during the questioning, the officer seized the evidence that Billings produced by consent from his pockets. Even if the officer had probable cause to arrest Billings after he produced the pills, there is no evidence that the officer told him during the questioning that she intended to make an arrest. After the short period of questioning, the officer left Billings without restraint to question other witnesses before returning 30 minutes later to make a formal arrest. We find under these circumstances that a reasonable person in Billings's position would not have perceived himself to be in police custody during the questioning. Because no *Miranda* warnings were required before the questioning, the trial court erred by suppressing Billings's statements.

*Judgment reversed. Ellington and Doyle, JJ., concur.*

Decided April 6, 2010.

*W. Kendall Wynne, Jr., District Attorney, Candace K. Slezak, Assistant District Attorney*, for appellant.
*Donna L. Clement*, for appellee.