## A11A2337. MURPHY v. THE STATE.
### (725 SE2d 866)

BARNES, Presiding Judge.

Vern Lamar Murphy was convicted of possession of cocaine, and following the denial of his motion for new trial, he appeals. Murphy contends that the trial court erred in denying his motion for a directed verdict and in failing to charge the jury on equal access, and that his trial counsel was ineffective. Upon our review, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Murphy] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citations and footnotes omitted.) *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

So viewed, the evidence shows that a police officer with the Griffin Police Department's Tactical Response Unit was involved in a neighborhood revitalization initiative in a Griffin neighborhood because of suspected drug activity. On May 16, 2007, an officer was surveilling a house because the owner had complained that trespassers would sometimes sit on his front porch, and he was afraid to confront them because of possible retaliation. The officer observed Murphy sitting on the front porch of the house. Murphy walked to the side of the house, removed an item from the top of the electrical meter box, and gave the item to another individual who was standing near the rear of the house. The officer observed the individual shake the object and walk off. Murphy walked back to the side of the house, placed an object back on the electrical meter, and returned to the front porch.

The officer testified that based on his belief that he had witnessed a "hand to hand drug transaction," he contacted his lieutenant who was stationed about a block away. The lieutenant approached Murphy, who was sitting on the porch of the house, and an accompanying officer secured the object, a plastic bag containing three rock-like substances, that was on top of the electrical meter box. The contents of the bag were later tested and confirmed to be

three rocks of crack cocaine. Police searched Murphy and recovered a cell phone and $20.

1. Murphy first contends that the trial court erred by failing to charge the jury on equal access. In declining to give the charge, the trial court relied on *Wiggins v. State*, 258 Ga. App. 703, 705 (2) (574 SE2d 896) (2002), which held that the equal access principle is applicable when the State relies on the presumption that the owner of premises is in possession of all its contents. We find no error.

> The equal access rule entitles a defendant to acquittal where the only evidence of possession is the defendant's ownership or control over the premises, and the defendant can show that others recently had equal access to the premises. It is simply a defense available to the accused to whom a presumption of possession flows. Here, the state was not relying upon [Murphy's] ownership or control of the residence to prove that the cocaine found [on the electric meter] belonged to him . . . . Therefore, no presumption of ownership arose and the equal access defense was not available. Thus, the trial court did not err by failing to charge the jury on equal access.

(Footnotes omitted.) *Thomas v. State*, 291 Ga. App. 795, 798 (2) (662 SE2d 849) (2008).

2. Murphy also asserts on appeal that the court erred in denying his directed verdict motions because there is insufficient evidence that he possessed any cocaine. He contends that the evidence did not establish that he exercised sole or joint control over the drugs found on top of the electric meter. He maintains that the officer acknowledged that, since the area was "drug-ridden," it was possible that the drugs were on top of the meter before the officer observed Murphy.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation and footnotes omitted.) *Thomas*, 291 Ga. App. at 797 (1).

Here, the evidence revealed that Murphy was the only person

observed making contact with the electric meter box, both before the contraband was discovered and afterward. The officer testified that the meter was under his surveillance the entire time, and that no other person came in contact with it. There was also no evidence that any other object was found on top of the electric meter other than the cocaine.

Although Murphy argues that no cocaine was found on his person, "[a]ctual possession requires only direct physical control over a substance; it does not require that the substance be on the defendant's person." (Citation omitted.) *Johnson v. State*, 194 Ga. App. 743, 745 (3) (391 SE2d 716) (1990). "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it." (Citation omitted.) *Ibekilo v. State*, 277 Ga. App. 384, 387 (3) (626 SE2d 592) (2006).

> [W]here, as in this case, the conviction is based on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other *reasonable* hypothesis save that of the guilt of the accused. Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging of the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, than is a court of law. It is only where the evidence or a lack of evidence, tested by all human experience, establishes a reasonable hypothesis of innocence, that this Court may declare it so as a matter of law.

(Citations and punctuation omitted.) *Swanger v. State*, 251 Ga. App. 182, 183-184 (1) (554 SE2d 207) (2001).

In these circumstances, the jury was authorized to reject Murphy's hypothesis that someone else put the drugs on the meter, and thus, the evidence was sufficient to support a rational trier of fact's finding of guilt beyond a reasonable doubt. Accordingly, the trial court correctly denied Murphy's motion for directed verdict of acquittal. See *Reason v. State*, 283 Ga. App. 608, 609-610 (1) (a) (642 SE2d 236) (2007).

3. Murphy last contends that his trial counsel was ineffective on multiple grounds. In so doing, the burden is on Murphy to establish

that his attorney's representation in specific respects fell below an objective standard of reasonableness, and that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 694 (III) (B) (104 SC 2052, 80 LE2d 674) (1984). We "need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order." (Citations and punctuation omitted.) *Nelson v. State*, 255 Ga. App. 315, 322 (10) (565 SE2d 551) (2002).

(a) Murphy first contends that his trial counsel did not sufficiently confer with him before the trial and also failed to adequately investigate his case. Murphy maintains that the one-and-one-half to two hours that trial counsel spent conferring with him was inadequate to properly prepare for trial.

"There exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel. Each case must be judged upon its own circumstances and in light of its own degree of complexity." (Citation and punctuation omitted.) *Benefield v. State*, 231 Ga. App. 80, 81 (497 SE2d 650) (1998). Trial counsel stated before the trial that he had spent a cumulative "one and one half to two hours" going over the case with Murphy. He testified at the motion for new trial hearing that although the case was not complicated, he met with Murphy "many, many" times before the trial to discuss the case. Morever, trial counsel was successful in obtaining a directed verdict in three of the five indicted charges — possession of cocaine with intent to distribute within 1,000 feet of public housing, possession of cocaine with intent to distribute within 1,000 feet of a park, possession of cocaine with intent to distribute within 1,000 feet of a school — and an acquittal on the possession with intent to distribute charge. Further, Murphy has not identified any evidence or defense theory that counsel failed to present at trial. Absent these showings, he has failed to sustain his burden of demonstrating that counsel's preparation for trial was deficient.

(b) Murphy also contends that trial counsel was ineffective for failing to object to testimony from an officer who said that he did not witness Murphy "sell the narcotics" and another officer's testimony that Murphy was involved in a "drug transaction." He maintains that the testimony was unduly prejudicial.

Here, pretermitting the question of deficient performance, Murphy has not established the prejudice prong of his claim of ineffective assistance of counsel with regard to this testimony as he was convicted only of simple possession, rather than the more serious charges of distribution which would be associated with a sale or

transaction. As noted earlier, this Court is not required to address both components if the showing on one is insufficient. *Nelson v. State*, 255 Ga. App. at 322 (10).

(c) Likewise, we find no merit to Murphy's contention that trial counsel was ineffective for failing to cite legal authority in his request for a directed verdict on the possession and possession with attempt to distribute counts, or for failing to request a charge on constructive possession.

The facts show that trial counsel moved for a directed verdict and argued that "the facts do not indicate there was an actual possession of the cocaine to which we stipulated to. And there was not an actual distribution of that cocaine[.]" Trial counsel was not questioned at the motion for new trial hearing about his motion for directed verdict, and we cannot say that there is a reasonable probability that the outcome would have been different if trial counsel had included exhortative legal authority in his argument. Moreover, Murphy was acquitted of the possession with intent to distribute charge; thus, he cannot show harm as to that count.

Regarding Murphy's claim that trial counsel was ineffective for failing to request a charge on constructive possession, in this case, the trial court did not instruct the jury as to any presumption of possession, as the State's position was that Murphy had actually possessed the contraband on the electric meter. Further, the trial court charged the jury: that Murphy was presumed innocent until proven guilty; that there was no burden on Murphy to prove his innocence; that the jury had to acquit Murphy if the State failed to prove his guilt beyond a reasonable doubt; and also as to the standard for convicting on circumstantial evidence. Under these circumstances where the State did not maintain a theory of presumptive possession, but rather contended that Murphy had actually possessed the cocaine, it was not error for his trial counsel to fail to request a charge on constructive possession.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MARCH 12, 2012.

*Walker L. Chandler*, for appellant.

*Scott L. Ballard, District Attorney, Jeremy M. Hayes, Robert W. Smith, Jr., Assistant District Attorneys, Samuel S. Olens, Attorney General*, for appellee.