## 62465. LADD v. THE STATE.

DEEN, Presiding Judge.

Marvin Ladd appeals from his convictions of burglary and theft by taking following the denial of his motion for a new trial.

1. The evidence was sufficient to support the conviction. The state established a burglary at the Allen residence and a theft by taking at the Dale residence. The items taken were delivered to the home of Millie Patton, the defendant's sister-in-law, and he received $200 for the property stolen from Allen and a check for $75 for a lawnmower taken from Dale. The jury heard the defendant's explanation of his possession of the property (a friend was getting a

divorce and breaking up housekeeping) and chose to disbelieve him. The credibility of the witnesses is solely a jury question. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). The jury was authorized to reject Ladd's explanation as to recent possession of stolen property, *Gibson v. State,* 143 Ga. App. 467 (238 SE2d 562) (1977). We find that a rational trier of fact could have found from the evidence presented at trial that the defendant was guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980).

2. The trial court's charge as to unexplained recent possession was a correct statement of the law. As stated in Division 1 the jury was not required to believe the defendant's explanation. "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." *Campbell v. State,* 149 Ga. App. 299, 301 (254 SE2d 389) (1979). The charge as a whole places the burden on the state to prove each and every element of the crime alleged in the indictment.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1981.

*Stan Durden,* for appellant.
*Nat Hancock, District Attorney, T. Grant Madison, Assistant District Attorney,* for appellee.