## A97A1340. STEPIC v. THE STATE.
(487 SE2d 643)

ELDRIDGE, Judge.

On April 13, 1995 in the Atlanta City Court, the appellant, William Stepic, was convicted of the offenses of failure to maintain a lane under OCGA § 40-6-48, and driving while under the influence of alcohol — less safe driver ("DUI") under OCGA § 40-6-391 (a) (1). He appeals.

At approximately 1:15 a.m. on September 7, 1994, the appellant was stopped by an Atlanta Police officer while driving north on Cheshire Bridge Road. The arresting officer testified that, while he was on DUI patrol, he saw the appellant driving toward him and that the appellant's car occupied a portion of both northbound lanes, i.e., the appellant's car was in the curb lane, but was also four to five feet over the white broken line and into the inside, left-hand lane. While briefly observing the appellant, the officer noted that the appellant's car was not weaving between lanes, but that the appellant failed to maintain one lane or the other. There were few, if any, other cars on the road at that time. The officer turned his patrol car around, activated his emergency lights, and stopped the appellant for failure to maintain a lane.

While questioning the appellant, the officer noticed that the appellant smelled of alcohol and his eyes were "red and blurry." The officer asked the appellant for permission to perform some field sobriety tests; the appellant agreed and the tests were performed, including the horizontal gaze nystagmus, walk and turn, and alco-sensor tests. The appellant failed the performance based tests, and registered positive on the alco-sensor. Based on these results, the officer determined that the appellant was under the influence of alcohol. The appellant was placed under arrest, was given an Implied Consent Warning, and was transported to a mobile blood alcohol testing unit, where he was tested with an Intoximeter 3000 machine. The appellant registered a blood alcohol reading of 0.12 percent.

The appellant pleaded not guilty to the charges of failure to maintain a lane and DUI — less safe driver. Following a jury trial on April 13, 1995, the appellant was convicted on both counts. This appeal followed. *Held*:

1. The appellant's first enumeration of error is that the trial court erred when it charged the jury that if it believed the appellant's alcohol concentration was .08 percent or more, it "shall be inferred" that the appellant was under the influence of alcohol. See OCGA § 40-6-392 (b) (3). Under OCGA § 40-6-391 (a) (1), the State is required to prove beyond a reasonable doubt that the driver is "under the influence of alcohol to the extent that it is less safe for the person to drive." This is one element, not two; the concepts are equivalent and describe a single physical condition. *Hogan v. State*, 178 Ga. App. 534, 536 (343 SE2d 770) (1986). Even though an elevated blood alcohol level may indicate that a driver is "under the influence," it is solely within the determination of a trier of fact as to whether a defendant was, as a result of alcohol ingestion, a "less safe" driver. See *Hogan v. State*, supra at 536. Compare OCGA § 40-6-391 (a) (4); *Lester v. State*, 253 Ga. 235 (320 SE2d 142) (1984); *Ellerbee v. State*, 215 Ga. App. 102, 105 (449 SE2d 874) (1994); *Simon v. State*, 182 Ga. App. 210, 212 (355 SE2d 120) (1987); *Stewart v. State*, 176 Ga. App. 148, 149 (335 SE2d 603) (1985); *Atkins v. State*, 175 Ga. App. 470 (333 SE2d 441) (1985), overruled on other grounds, *Hogan v. State*, supra at 535. Therefore, we find that this instruction was error, as it is effectively a mandatory inference which invaded the province of the jury, and because it shifted the burden of proof to the appellant, forcing him to present evidence rebutting the inference. *Holcomb v. State*, 217 Ga. App. 482, 484 (458 SE2d 159) (1995); *Ellerbee v. State*, supra at 104-105; see also *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985); *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) (a mandatory inference or presumption concerning an element of the offense is invalid, and this is so whether it is mandatory-conclusive or mandatory-rebuttable). Cf. *Lattarulo v. State*, 261 Ga. 124, 125 (401 SE2d 516) (1991).

However, a jury instruction that states that a jury "may infer" that a driver was under the influence of alcohol will be acceptable as long as it includes language "reaffirming that it is within the jury's discretion whether or not it will draw such an inference. . . ." *Thompson v. State*, 257 Ga. 481, 483 (361 SE2d 154) (1987); *Ellerbee v. State*, supra at 105; see also *Francis v. Franklin*, supra; *Isaacs v. State*, 259 Ga. 717, 734-736 (386 SE2d 316) (1989); *Williams v. State*, 224 Ga. App. 368 (481 SE2d 535) (1997); *Animashaun v. State*, 216 Ga. App. 104 (453 SE2d 126) (1995); *Simon v. State*, supra at 213; *Patterson v. State*, 192 Ga. App. 449, 451 (385 SE2d 311) (1989); *Stewart v. State*, supra at 148; *Peters v. State*, 175 Ga. App. 463, 468 (333 SE2d 436) (1985), overruled on other grounds, *Hogan v. State*, supra at 535; *McCann v. State*, 167 Ga. App. 368, 369 (306 SE2d 681) (1983). Such instruction should read substantially as follows: "If you find that the defendant was driving with an alcohol concentration of

0.08 grams or more, it may be inferred that he was under the influence of alcohol. However, whether or not you make such inference in this case is a matter solely within your discretion as members of the jury." See OCGA § 40-6-392 (b) (3); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 20 published by the Council of Superior Court Judges of Georgia; *Patterson v. State*, supra at 451; *McCann v. State*, supra at 369; see also *Thompson v. State*, supra at 483.

In the case sub judice, immediately following the challenged jury instruction, the trial court gave the jury general instructions that, inter alia, the State's burden was to prove each element; the jury should consider all of the evidence in the case; and the jury must determine the truth in reference to the charges against appellant. Such generalized instructions regarding the State's burden and the jury's responsibilities are insufficient to overcome the mandatory nature of the challenged instruction. See *Francis v. Franklin*, supra. The appellant is entitled to a new trial.

2. The appellant also asserts that the police officer had no reasonable and articulable basis for stopping the appellant's vehicle, so that the trial court erred in denying a motion to exclude all evidence acquired as a result of the stop. However, the appellant was stopped after an Atlanta police officer observed him driving down the middle of two northbound lanes, straddling the broken white line which divides the lanes, in violation of OCGA § 40-6-48 (1). The officer testified that, in his opinion, the appellant was not in the process of changing lanes, as the appellant asserted during the hearing. After hearing the evidence, the trial court denied the motion to exclude. "Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal. [Cit.] The trial court's findings in this regard are supported by the record and are not clearly erroneous." *State v. Davis*, 261 Ga. 225, 226-227 (404 SE2d 100) (1991).

3. The appellant's remaining enumerations of error are rendered moot by our decision in Division 1, supra.

*Judgment reversed and remanded for retrial in a manner consistent with this opinion. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JUNE 9, 1997.
▆▆▆▆▆▆▆▆▆▆ Before Judge Lane.
*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Larkin M. Lee,* for appellant.
*June D. Green, Solicitor, Clayton Sinclair, Jr., Assistant Solicitor,* for appellee.