### A99A1133. SMITH v. THE STATE.
(521 SE2d 450)

SMITH, Judge.

Franklin D. Smith was charged by accusation with two counts of DUI. He was tried by a jury, which found him guilty as charged. He appeals, raising issues with regard to the denial of pretrial motions and the trial court's charge. We find no merit in Smith's contentions, and we affirm the judgment.

1. Count 1 of the accusation charged Smith with DUI to the extent that he was a less safe driver, citing OCGA § 40-6-391; Count 2 charged him with driving with an unlawful alcohol concentration, erroneously citing subsection (a) (4) of OCGA § 40-6-391. Smith contends the trial court should have dismissed both charges because Count 2 cited the wrong Code subsection. He argues that because both counts involved the "same transaction," they were "inextricably attached" so that if Count 2 fails, Count 1 must fail, as well. The State concedes that Count 2 should have cited subsection (a) (5) of the statute instead of subsection (a) (4). For several reasons, we agree with the State that, notwithstanding this error, the trial court correctly refused to dismiss the accusation.

First, although Smith filed a "Motion Asserting Demurrers" to the accusation, that document did not raise this particular issue. It is axiomatic that Smith may not raise on appeal an issue not raised and ruled on below. See, e.g., *Freeland v. State*, 223 Ga. App. 326, 327 (2) (477 SE2d 633) (1996).

Second, the record shows that the motion was filed on May 14, 1998, three days after Smith was arraigned. Because Smith's contention challenges the sufficiency of the form of the accusation, it would be a special demurrer, which must be filed at or before arraignment. OCGA § 17-7-113; see also Uniform Superior Court Rule 31.1 (requiring that all motions, demurrers, and special pleas be made at or before arraignment unless time extended by judge in writing prior to trial); *Bennett v. State*, 216 Ga. App. 365, 366 (454 SE2d 562) (1995). A special demurrer not filed at or before arraignment is waived. *Dunbar v. State*, 209 Ga. App. 97-98 (432 SE2d 829) (1993).

Finally, even had Smith's motion been timely filed and raised

this issue, it would not have affected the validity of his conviction on Count 1 of the accusation, which charged that he was a less safe driver. The cases cited by Smith in support of his contention that the two counts were "inextricably attached" and that Count 1 must fail if Count 2 was subject to special demurrer simply do not support his contention. *Jones v. State*, 75 Ga. App. 610, 614-615 (4) (44 SE2d 174) (1947), does not stand for the proposition for which it is cited by Smith. And *Kevinezz v. State*, 265 Ga. 78 (454 SE2d 441) (1995), involved a completely different fact situation. In *Kevinezz*, the conviction for vehicular homicide was reversed because the Supreme Court was unable to discern the theory upon which the jury based its verdict. In that case, one possible theory was valid and the other invalid because it had not been properly charged in the indictment, but the jury had been instructed on that statute. Id. at 83 (2) (d).

Here, the State charged Smith with two alternative counts of DUI, arising from the same conduct, allowing the jury to decide on a verdict as to each count. This practice has been upheld numerous times. See, e.g., *State v. Corbitt*, 221 Ga. App. 304 (471 SE2d 261) (1996); *Tomlin v. State*, 184 Ga. App. 726, 727 (1) (362 SE2d 489) (1987). A defect in one count need not affect the other, alternative charge relating to the same transaction. The crime of driving under the influence may be committed in several different ways, and different facts are required to prove the alternative methods of committing the crime. Even if one is acquitted on one alternative charge, a subsequent retrial is not barred on an alternative charge for the same offense after a mistrial. *Hogan v. State*, 178 Ga. App. 534, 537 (343 SE2d 770) (1986). Thus, even assuming error in failing to dismiss Count 2, any such dismissal would not affect the validity of Count 1. And only one punishment for the alternative charges could be, and was, imposed. See id. at 536. Any error in denying Smith's motion as to Count 2 would therefore be harmless.

2. Citing *State v. Rustin*, 208 Ga. App. 431 (430 SE2d 765) (1993), Smith maintains that the trial court erred in refusing to dismiss the charges because the charges in the accusation were different from those in the uniform traffic citation issued to him, and a uniform traffic citation may not be amended. He also asserts that the officer who cited him should have signed either the accusation or another affidavit. We find no merit in any of these contentions.

Smith correctly states that we held in *Rustin* that OCGA § 17-7-71 (f), relating to the preparation and amendment of formal accusations, does not apply to uniform traffic citations. *Rustin*, supra at 434-435. But in *Rustin*, an alternative count of DUI in a subsequent accusation was time barred under OCGA § 17-3-1 (d), because prosecution had commenced upon the original DUI charge in the uniform traffic citation more than two years earlier. See *Rustin*, supra at 432-

433 (2). In this case, the uniform traffic citation charged Smith with violating OCGA § 40-6-391 (a) (5), while Counts 1 and 2 of the accusation charged him with violating OCGA § 40-6-391 and subsection (a) (4) of that Code section, respectively. But no prosecution actually "commenced" on the citation, and the differences between the two documents do not affect the accusation's validity.

> It is not true that a prosecution must proceed upon the uniform traffic citation form that has initially been issued or that the prosecuting attorney has no authority to file a subsequent formal accusation. The State is not prohibited from issuing a subsequent accusation. The subsequent issuance of a formal accusation did not amend the uniform traffic citation, as contended by defendant. Rather, such accusation superseded any uniform traffic citation as the charging instrument.

(Citations and punctuation omitted.) *Ellerbee v. State*, 215 Ga. App. 102, 104 (3) (449 SE2d 874) (1994). And under OCGA § 17-7-71 (a), an accusation need not be supported by an affidavit if the defendant has been previously arrested "in conjunction with the transaction charged in the accusation," which was the case here.[1] See *Blankenship v. State*, 208 Ga. App. 710, 711 (431 SE2d 481) (1993).

3. Smith contends that the results of his breath test should not have been admitted because he was not given *Miranda* warnings before agreeing to the test in response to being read the implied consent warnings. This contention has been decided adversely to Smith by the Supreme Court in *Fantasia v. State*, 268 Ga. 512, 513-514 (2) (491 SE2d 318) (1997). In *Fantasia*, the Supreme Court held that the right against self-incrimination guaranteed by both the federal and state constitutions is directed against the State's use of coercion or compulsion to force one to be a witness against oneself; that if no coercion is involved, the right is not implicated and *Miranda* warnings are unnecessary; and that no coercion is involved in the choice made to submit to a breath test, even though the choice may "not be an easy or pleasant one to make." Id. at 514 (2).

4. Relying upon our decision in *Stepic v. State*, 226 Ga. App. 734 (487 SE2d 643) (1997), Smith claims the trial court gave a burden-shifting jury charge on inference. We do not agree. The court charged the jury:

> If you should find from the evidence in this case that at the

---

[1] We note that *Cargile v. State*, 244 Ga. 871, 874 (2) (262 SE2d 87) (1979), relied upon by Smith, was decided before the enactment of OCGA § 17-7-71 in 1980.

time of the alleged offense the amount of the alcohol in the defendant's blood as shown by a chemical analysis of the defendant's blood or breath was 0.08 percent, you may infer that the defendant was under the influence of alcohol. However, whether or not you make such an inference is for you to decide.

*Stepic* specifically approved such a charge. Id. at 735-736 (1). We reversed in *Stepic* because, unlike here, the charge given in that case did not immediately reaffirm the jury's right to decide whether to make the inference.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 4, 1999.

*Michael B. Perry*, for appellant.

*Stephen D. Kelley, District Attorney, James J. Presswood, Jr., Assistant District Attorney*, for appellee.