A06A0632. WALKER v. THE STATE.
(634 SE2d 177)

RUFFIN, Chief Judge.

A jury found Charles Edwin Walker guilty of driving under the influence of prescription drugs to the extent it was less safe for him to do so and improper lane change. Walker appeals, contending that the evidence was insufficient to support his conviction for improper lane change, that there were irregularities in the accusation and the jury charge on improper lane change, and that the trial court erred in failing to charge the jury on justification and accident.[1] For reasons that follow, we affirm in part and reverse in part.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, neither weighing the evidence nor

---

[1] We note that the State did not file a brief in this case; we take this opportunity to remind the solicitor-general that, pursuant to Court of Appeals Rule 13, "a brief *shall* be filed by the appellee in all criminal appeals when the [s]tate is the appellee." (Emphasis supplied.) Moreover, failure to adhere to this rule may subject the offending attorney to a finding of contempt. Although we decline to issue a contempt finding at this juncture, future violations of the rule will not be treated with such leniency.

evaluating witness credibility.[2] So viewed, the evidence shows that on September 30, 2004, Walker was driving a limousine on Interstate 85. Another driver called police after observing Walker driving erratically, including swerving across multiple lanes of traffic and driving into the median. As Walker continued north on Interstate 85, he was "darting around," speeding, and "going across the lines." Walker then merged onto Interstate 285, forcing another driver against the retaining wall.

Walker drove onto the shoulder of the road, spinning the limousine and "[going] airborne." Walker attempted to return to the roadway despite having parts of the limousine dragging on the ground. At this point, two vehicles were able to block the limousine's path and prevent Walker from driving further. When Walker exited his vehicle, he was staggering and "almost fell into the moving interstate traffic."

A Clayton County police officer subsequently arrived at the scene. The video camera in his vehicle recorded his interaction with Walker, and the tape was played for the jury. The officer observed grass imbedded in the front bumper of the limousine, and its muffler was detached. Walker was unsteady on his feet, his speech was slurred, and he failed several field sobriety tests. He told the officer that he had consumed medication a short time earlier, including Xanax. The officer found a bottle of Xanax and a bottle of OxyContin in the front seat of the limousine. Walker's blood tested positive for Xanax. At trial, he testified that he had taken Xanax and Nitrostat, a heart medication, that day. Walker asserted that he pulled the limousine off the road as soon as he felt he was no longer capable of driving.

The officer issued Walker uniform traffic citations for, among other things, driving under the influence pursuant to OCGA § 40-6-391 and failure to maintain a lane pursuant to OCGA § 40-6-48. Walker was subsequently charged by accusation with driving under the influence of Xanax to the extent it rendered him incapable of driving safely and improper lane change.

1. The State has moved to dismiss Walker's appeal because his brief was filed four days late. We are authorized to dismiss Walker's appeal and hold counsel in contempt for failure to timely file a brief.[3] Because the fault appears to lie with Walker's counsel rather than with Walker, we elect not to dismiss the appeal in this instance.

---

[2] See *Drogan v. State*, 272 Ga. App. 645 (1) (613 SE2d 195) (2005).

[3] See Court of Appeals Rule 23 (a).

However, "we expect all counsel practicing in this Court to know and to follow its rules," and caution counsel that further violations may result in sanctions.[4]

2. Walker objects to inconsistencies in the accusation and jury instruction relating to the charge of improper lane change.[5] Walker received a uniform traffic citation for failure to maintain a lane pursuant to OCGA § 40-6-48, but the accusation against him was denominated as being for improper lane change.[6] Improper lane change differs from failure to maintain a lane in that it requires, in addition to changing lanes without being able to do so safely, failure to give "an appropriate and timely signal."[7]

Walker contends that the trial court should have dismissed the accusation as defective because it was inconsistent with the uniform traffic citation. But a prosecuting attorney is not bound by the uniform traffic citation initially issued and may file an accusation on a different charge.[8] The accusation "supersede[s] any uniform traffic citation as the charging instrument."[9] Thus, the trial court did not err in refusing to dismiss the accusation on improper lane change.[10]

Additionally, Walker objects to the jury instruction given on improper lane change.[11] While instructing the jury, the trial judge stated that Walker was charged with improper lane change in accordance with the accusation, but gave an instruction on the elements of failure to maintain a lane under OCGA § 40-6-48. During deliberations, the jury asked to be charged again on the law. In the recharge, the trial court instructed the jury that Walker "is also charged with failure to maintain lane or improper lane change," and again gave the elements of failure to maintain a lane.

Our decision here is governed by the holding in *Threatt v. State*.[12] In *Threatt*, the accusation charged the defendant with a violation of

---

[4] *Gentile v. Bower*, 222 Ga. App. 736, 738 (477 SE2d 130) (1996).

[5] We note that Walker's brief is woefully lacking in meaningful argument and citation to authority or to the record. While we have attempted to discern whether Walker's claims have merit, "[i]t is not this Court's role to cull the record on a party's behalf." (Punctuation omitted.) *Wilkes v. State*, 269 Ga. App. 532, 536 (4) (604 SE2d 601) (2004).

[6] See *Bowers v. State*, 221 Ga. App. 886, 887 (473 SE2d 201) (1996) (identifying OCGA § 40-6-123 as Code section setting forth requirements for improper lane change).

[7] OCGA § 40-6-123 (a); compare OCGA § 40-6-48 (1).

[8] See *Smith v. State*, 239 Ga. App. 515, 516 (2) (521 SE2d 450) (1999).

[9] Id. at 517 (2).

[10] See id.

[11] At trial, Walker's counsel reserved objections to the initial jury instructions, but did not object to the second instructions given.

[12] 240 Ga. App. 592, 599 (4) (524 SE2d 276) (1999).

OCGA § 40-6-48, but the trial court instructed the jury on OCGA § 40-6-123 (b).[13] We held that:

> [b]ecause these instructions were inconsistent and likely confused the jurors to the extent that they could not render an intelligent verdict on the charge alleged in the accusation, reversal and a new trial are required on the charge of improper lane change.[14]

Similarly, the accusation read to the jury charged Walker with improper lane change, but the jury was twice instructed on the elements of failure to maintain a lane. These inconsistent instructions require us to reverse Walker's conviction for improper lane change.[15]

3. Walker contends that the trial court erred in failing to charge the jury on accident and misfortune pursuant to OCGA § 16-2-2 and justification and excuse pursuant to OCGA § 16-3-20. Walker did not request these charges at trial, either in writing or at the charge conference. When a defendant does not request a specific charge, it generally is not error for the trial court to fail to give it.[16]

Nonetheless, we will review a charge "where there has been a substantial error in the charge which was harmful as a matter of law."[17] We find no such error here. Under these circumstances, we see no ground for a charge on justification.[18] And based on the facts and our review of the charge as a whole, in which the jury was charged concerning involuntary intoxication, we conclude that the failure to charge on accident was not harmful as a matter of law.[19]

4. Because of our holding in Division 2, we need not address Walker's enumeration of error challenging the sufficiency of the evidence as to improper lane change.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Phipps, J., concur.*

---

[13] See id.

[14] Id.

[15] See id.

[16] See *Stinchcomb v. State*, 280 Ga. 170, 172 (3) (626 SE2d 88) (2006).

[17] OCGA § 5-5-24 (c).

[18] Compare *Smith v. State*, 250 Ga. App. 532, 536 (3) (552 SE2d 499) (2001) (defendant entitled to instruction on justification where he alleged that failure to maintain lane was caused by his attempts to defend himself against a third party who attacked defendant while he was stopped at traffic signal).

[19] See *Taylor v. State*, 190 Ga. App. 79, 81 (378 SE2d 335) (1989) (where jury was charged with involuntary intoxication, it was not reversible error to fail to charge on accident).

*James W. Bradley*, for appellant.
*Leslie Miller-Terry, Solicitor-General, Maurice Brown, Assistant Solicitor-General*, for appellee.