A09A0281. JOHNSON v. THE STATE.

(677 SE2d 402)

MILLER, Chief Judge.

A Henry County jury convicted Stacey Wayne Johnson of one count of burglary (OCGA § 16-7-1) and one count of forgery in the first degree (OCGA § 16-9-1). Johnson appeals from the trial court's order denying his motion for a new trial, arguing that the trial court erred in charging the jury on recent possession of stolen property. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that on the morning of November 29, 2005, Randall Williams left his Henry County home to attend a Bible class and returned at about 12:15 p.m. Upon his return, Williams noticed that his back door was wide open, and inside the home, he found items scattered all over the floor. After he realized that some binders of baseball cards and other items were missing from the home, Williams called the police. After the police arrived, Williams also discov-

ered that a safe he kept in his garage was open and the contents, including Williams' most valuable baseball cards, antique plates, jewelry, and a coin collection were missing. Williams had a number of big plastic tubs, which also had disappeared, and Williams surmised that the individual who broke into his home had put the various personal items into the tubs.

When Williams was walking around with the police, he also noticed that a book of checks was missing. About two hours later, Williams called the bank to cancel the checks. At approximately 12:17 p.m., before the checks were cancelled, Johnson cashed one of Williams' checks at a Bank of America branch in McDonough in the amount of $650. The check had been made out to Johnson.

Johnson testified that during the time period at issue, he occasionally helped his friend, Scott Ratliff, with landscaping jobs and other odds and ends around the neighborhood. According to Johnson, Ratliff owed him money for one of the jobs, and Ratliff gave him a check from Williams as payment. Williams, however, testified that he did not make out the check or authorize anyone else to do so.

In his sole enumeration of error, Johnson claims that the trial court erred in giving a jury charge regarding recent possession of stolen goods. In reviewing an allegedly erroneous jury instruction, this Court applies "the plain legal error standard of review." (Citation and punctuation omitted.) *White v. State*, 291 Ga. App. 249, 251 (661 SE2d 865) (2008). We find no error here.

The trial court charged the jury as follows:

> If you should find beyond a reasonable doubt that the crime of burglary has been committed as charged in this indictment, and that certain personal property was stolen as a result of such crime; if recently thereafter, the defendant should be found in possession of any of the stolen property, that would be a circumstance, along with all of the other evidence, from which you may infer guilt as to the charge of burglary as set forth in this indictment.
>
> If you find the evidence merits such an inference, you may not draw an inference of guilt if, from the evidence, there is a reasonable explanation of the possession of such property consistent with a plea of innocence, which is a question solely for you, the jury, to determine.

This charge was based on a pattern jury charge (Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.32.30) and was a correct statement of the law. *Chambers v. State*, 288 Ga. App. 550, 551 (654 SE2d 451) (2007) (describing principle that "[e]vidence of

recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary"). The same or a substantially similar charge has been approved repeatedly by decisions of this Court and the Supreme Court of Georgia. *Johnson v. State*, 277 Ga. 82, 85 (3) (586 SE2d 306) (2003); *Reynolds v. State*, 231 Ga. 582, 583 (4) (203 SE2d 214) (1974); *Aiken v. State*, 226 Ga. 840, 843-846 (2) (178 SE2d 202) (1970); *Donnell v. State*, 285 Ga. App. 135, 139-140 (3) (645 SE2d 614) (2007); *Shearer v. State*, 128 Ga. App. 809, 812 (7) (198 SE2d 369) (1973).

The charge also was warranted by the evidence in this case notwithstanding Johnson's claim that "[t]his was not a case about recent unexplained possession of stolen property." Johnson argues that the facts did not fit the charge because he was in possession of only a single stolen item, Williams' check. "There is no merit in [Johnson's] contention, since the inference of guilt arises from the possession of some, as well as all, of the stolen property." (Citations omitted.) *Aiken*, supra, 226 Ga. at 845 (2) (b) (rejecting argument that recent possession charge was inappropriate because defendant had possession of "only a very small percent of the personal property stolen in the robbery"); see also *Jackson v. State*, 111 Ga. App. 192, 194-195 (6) (141 SE2d 177) (1965).

Johnson further argues that the charge was not warranted in view of the fact that he explained his possession of the check and offered some corroborating evidence. Despite Johnson's explanation for his possession of Williams' check, the jury was still entitled to draw an inference of Johnson's guilt from his possession of stolen property if it disbelieved Johnson. Under Georgia law,

> [o]nce it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury. . . .

(Citation and punctuation omitted.) *Davis v. State*, 275 Ga. App. 714, 716 (1) (621 SE2d 818) (2005) (defendant claimed he had purchased stolen items from some employees of his company who lacked necessary identification to pawn the items themselves); see also *Chambers*, supra, 288 Ga. App. at 551; *Ladd v. State*, 160 Ga. App. 166, 167 (1) (286 SE2d 502) (1981) ("The jury was authorized to reject [the defendant's] explanation as to recent possession of stolen property.") (citation omitted). Here, the trial court correctly instructed the jury that the issue of whether Johnson offered a

344

reasonable explanation for his possession of Williams' property was a question solely for it to determine and that if it found Johnson's explanation reasonable, it could not draw an inference of guilt from his possession of stolen property.

For the reasons set forth above, we affirm the trial court's order denying Johnson's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 6, 2009.

*Joseph S. Key*, for appellant.

*Tommy K. Floyd, District Attorney, Atha H. Pryor, Assistant District Attorney*, for appellee.