## S11A0298. BROWN v. THE STATE.

(710 SE2d 751)

THOMPSON, Justice.

Appellant Christopher Eugene Brown was convicted by a jury of two counts of malice murder and various related offenses in connection with the asphyxiation death of Irene Arp, and the bludgeoning death of her daughter, Linda Buchanan.[1] On appeal, Brown challenges certain jury instructions and asserts that he was improperly denied a hearing on his claim of ineffective assistance of trial counsel. For the reasons that follow, we affirm the judgments of conviction, but we remand for resentencing.

On the afternoon prior to the crimes, Buchanan drove her 1988 burgundy Chevrolet Cavalier to Arp's home. Her plan was to spend the night caring for her elderly mother who was in failing health. Early the following morning, Kathy Redden, another one of Arp's daughters, went to Arp's home to join her mother and sister for coffee. Redden noticed that Buchanan's car was missing and that the front door to the house was open. She entered the house and found Buchanan's partially nude body on a sofa in the living room. Buchanan's face had been bludgeoned beyond recognition, a broken table lamp was positioned across her face, and glass shards were visible on her skin. The contents of her purse were scattered over the floor. Arp's body was found lying in an adjacent hallway. Redden called 911 to report the crimes.

---

[1] The crimes were committed on June 24, 2000. On July 18, 2000, a Polk County grand jury returned a multi-count indictment charging Brown with two counts of malice murder, three counts of felony murder, two counts of burglary, aggravated assault, aggravated sexual battery, aggravated battery, and two counts of theft by taking. The State filed notice of its intent to seek the death penalty. Trial commenced on August 9, 2004. The guilt/innocence phase concluded on August 24, 2004, with the jury's return of guilty verdicts on all counts. At the conclusion of the sentencing phase on August 26, 2004, the jury found the existence of four statutory aggravating circumstances as to each murder, and recommended two sentences of life without parole. Brown was sentenced on the same day to five terms of life without parole, and additional terms of years. Brown's motion for new trial was filed on September 8, 2004, amended on December 2, 2009 and January 11, 2010, and denied on July 6, 2010. He filed a notice of appeal on July 21, 2010. The appeal was docketed for the January 2011 term of this Court, and was submitted for a decision on briefs.

Arp died of blunt force head injuries and asphyxia resulting from compression of the neck. Buchanan had been vaginally and anally penetrated with a foreign object while still alive; the cause of death was blunt and sharp injuries to the head, face, and torso. Forensic evidence established that the perpetrator entered the home through an unlocked bathroom window. A neighboring home was also burglarized and ransacked that night.

Later that night, Brown drove Buchanan's car to an area where a group of his friends had congregated on the street. Several of those friends described the vehicle as matching Buchanan's Chevrolet, and further testified that Brown's usual mode of transportation was a bicycle. Brown took one of these friends for a drive and told her he had purchased the car at an auction earlier that day. The vehicle was found abandoned two days later; it contained items stolen from Arp's home as well as from the neighboring house. The key to Buchanan's car was discovered in vegetation adjacent to the home occupied by Brown and his mother, and Buchanan's house keys were located on a dresser in Brown's bedroom.

Brown was arrested and charged with the two homicides. Initially, he denied any involvement in the crimes, but later admitted to the police that he had been in Buchanan's car, which he claimed to have rented from a man named Todd. Brown subsequently confessed to a fellow inmate that he entered Arp's home through the bathroom window, that he sexually assaulted Buchanan and killed the victims, but he opined that the only crime police could tie him to was the theft of Buchanan's vehicle.

1. The evidence was sufficient to enable a rational trier of fact to find Brown guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The lack of forensic evidence placing Brown in Arp's home does not demand his acquittal. The jury was authorized to consider Brown's jailhouse confession as well as the substantial physical evidence tying him to the crimes.

2. Brown asserts, and the State concedes, that the trial court erred in refusing to give a requested charge on impeachment by prior conviction. It was shown at trial that the inmate who testified to Brown's jailhouse confession was a convicted felon. The State elicited that information from the witness on direct examination, and defense counsel cross-examined him at length as to bias, motivation and self-interest. Under the circumstances, it was error for the trial court to refuse to charge on impeachment by prior conviction. *Carter v. State,* 272 Ga. 31 (2) (526 SE2d 855) (2000) ("testimony regarding prior convictions is sufficient, in the absence of an objection, to justify the giving of a charge on impeachment by conviction"); *Harwell v. State,* 270 Ga. 765, 769 (512 SE2d 892)

(1999) (upon written request, and absent an objection, testimony of a witness admitting a prior conviction for a crime of moral turpitude is sufficient evidence to authorize a charge on impeachment by conviction).

The State nonetheless urges that the error in refusing to give the requested charge in this case is harmless. We agree. "The failure to give a requested charge which is authorized by the evidence can be harmless error." *McIntyre v. State*, 266 Ga. 7, 10 (4) (463 SE2d 476) (1995). The inquiry is whether it is highly probable that the error contributed to the verdict. Id. Even disregarding the inmate's testimony, the evidence of Brown's guilt was overwhelming. In addition, the court gave the pattern jury instruction on credibility, including language that the jury "may consider [a witness'] personal credibility insofar as it may have been shown in your presence and by the evidence." See *Simonette v. State*, 262 Ga. App. 117 (584 SE2d 623) (2003). Under the circumstances, we find it highly probable that the erroneous failure to charge on impeachment by proof of a prior conviction for a crime of moral turpitude did not contribute to the jury verdict. *McIntyre*, supra, 266 Ga. at 11.

3. Brown further asserts that the trial court's jury instruction on theft by taking was confusing and erroneously shifted the burden to him by instructing the jury to presume guilt from his recent possession of the stolen vehicle.[2]

The indictment charged Brown with two counts of theft by taking in that he unlawfully took and appropriated the Chevrolet Cavalier belonging to Buchanan and a purse and its cash contents belonging to Arp. The challenged instruction, taken almost verbatim from the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, 4th ed., § 2.62.30 (2007), was a correct statement of the law, and was adjusted to the evidence. It was in essence identical to the one given and approved in *Johnson v. State*, 277 Ga. 82, 84, n. 2 (2) (586 SE2d 306) (2003). See also *Thomas v. State*, 274 Ga. 156 (9) (549 SE2d 359) (2001); *Johnson v. State*, 297 Ga. App. 341, 343 (677 SE2d 402) (2009), and cases cited therein.

---

[2] After instructing on the elements of theft by taking, the court gave the challenged instruction, as follows:

If you should find beyond a reasonable doubt that the crime of theft by taking has been committed as charged in this indictment in that certain personal property was stolen as the result of such crime and if recently thereafter the defendant should be found in possession of the stolen property, that would be a circumstance, along with all of the other evidence, from which you may infer guilt as to the charge of theft by taking as set forth in this indictment.

If you find the evidence merits such an inference, you may not draw an inference of guilt if from the evidence there is a reasonable explanation of the possession of such property consistent with a plea of innocence which is a question solely for you the jury to decide.

Brown's burden-shifting argument was decided adversely to his position in *Johnson,* supra, 277 Ga. at 85 (3).

> [T]he jury instruction at issue does not constitute an unconstitutional burden shift to the defendant that requires him to provide a reasonable explanation for possession of the [car and purse]. The trial court's charge was a permissive instruction that allowed the jury to make the inference as opposed to a mandatory one that required they do so. See *Wallace v. Higgs,* 262 Ga. 437 (421 SE2d 69) (1992). The jury instruction on the recent possession of stolen goods "in no manner absolves the State from its burden of proof." *Thomas v. State,* 274 Ga. 156 (9) (549 SE2d 359) (2001). An instruction of this nature does not have the effect of shifting the burden to the defendant to affirmatively prove his innocence; it merely prohibits the jury from making the inference if the defendant provides a satisfactory explanation.

It follows that this enumeration of error presents no ground for reversal.

4. Brown submits that the trial court erred in denying his claim of ineffective assistance of trial counsel without holding an evidentiary hearing, and he requests remand for a hearing and reconsideration of his claim.

After conviction, trial counsel timely filed a motion for new trial alleging the general grounds. The trial court subsequently appointed new appellate counsel who amended the motion. A hearing was held at which appellate counsel argued the pending grounds and advised the court of her intent to include a claim of ineffective assistance of trial counsel based on information that counsel had recently obtained. The trial court allowed counsel 30 days to further amend the motion to develop the ineffective assistance ground. Counsel amended the motion in the time allotted and requested a second evidentiary hearing on the issue of ineffective assistance of counsel. Some six months later, the court entered an order denying the motion for new trial on all grounds asserted, and further finding that an evidentiary hearing was not required under *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> "While the issue of ineffectiveness of counsel may sometimes be determined without the testimony of trial counsel, it generally cannot be done when the basis of the claim involves matters outside the record, such as discussions between

counsel and client of grounds for the motion, if any, and investigation by counsel of such grounds, if any. [Cit.]"

*Wilson v. State,* 277 Ga. 195, 199-200 (586 SE2d 669) (2003). However, "where the 'ineffectiveness' relates to alleged errors made during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required; the record speaks for itself." Id. at 198. Remand for an evidentiary hearing "is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington.*" *Ruiz v. State,* 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009). See also *Wilson v. State,* 286 Ga. 141, 145 (4) (686 SE2d 104) (2009). Under *Strickland,* a defendant must show that trial counsel's performance was professionally deficient, and but for counsel's unprofessional errors, there exists a reasonable probability that the outcome of the proceeding would have been different. *Ruiz,* supra, 286 Ga. at 149.

Brown alleged in his motion for new trial that trial counsel was constitutionally ineffective because he failed to discredit the veracity of the inmate witness who testified to Brown's jailhouse confession by entering into evidence certified copies of that witness' felony convictions for selling crack cocaine; and failed to cross-examine the chief investigating officer regarding his testimony as to the location of Buchanan's house keys in Brown's home.[3]

(a) At trial, the inmate witness appeared in his prison clothes, and the State elicited testimony from him that he was a convicted felon. "[T]he testimony of a witness admitting a prior conviction for a crime of moral turpitude is sufficient evidence of the fact." *Harwell v. State,* 270 Ga. 765, 770 (512 SE2d 892) (1999). Since the evidence was properly before the jury, it cannot be shown that the omission was an unreasonable tactical move which no competent attorney in the same situation would have made. *Ruiz,* supra, 286 Ga. at 150. Nor do we find a reasonable likelihood that the outcome of the trial would have been different had counsel introduced the documents.

(b) The record shows that Brown's attorney conducted a thorough cross-examination of the investigating officer. "The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." *Simpson v. State,* 277 Ga. 356, 359 (4) (589 SE2d 90) (2003). Brown makes no suggestion as to how further cross-examination of the witness would have benefitted the defense, and we are able to conclude from the

---

[3] Brown does not enumerate as error the denial of his ineffective assistance claim. But in order to determine whether remand for an evidentiary hearing is necessary and to apply a *Strickland* analysis, we must look to the merits of the claim.

face of the record that counsel's cross-examination of the officer was not deficient. Furthermore, Brown points to no evidence that counsel could have developed which could have resulted in a different outcome at trial. Thus, Brown's ineffective assistance claim fails under *Strickland*, and a further hearing was not required.

5. Brown further submits that he was denied due process of law when the trial court failed to conduct a post-trial evidentiary hearing on the claim that he was denied his Sixth Amendment right to a speedy trial.

The trial court held a hearing on the motion for new trial as amended, at which time Brown had the opportunity to argue each of his asserted grounds. The transcript of that hearing shows that Brown did not argue this claim or offer any evidence in support of it, despite being afforded the opportunity to do so. Thus, "the record in this case wholly fails to show that any such question was presented to the trial judge so as to afford him an opportunity to pass on it." *Garland v. State of Ga.*, 101 Ga. App. 395, 400 (2) (114 SE2d 176) (1960). Accordingly, this claim has been waived.

6. The jury found Brown guilty of all crimes charged in the indictment, including two counts of malice murder resulting from the killings of Arp and Buchanan, and three alternative counts of felony murder of the same two victims. At the conclusion of the sentencing phase, the jury found the existence of four statutory aggravating circumstances as to each of the two malice murder charges, and it recommended life without possibility of parole as to each count. The trial court, however, imposed five consecutive sentences of life without parole — two for each of the malice murder counts and three for the alternative felony murder counts, without objection from the defense. Although not enumerated as error, we find that the three additional life sentences for felony murder are illegal and cannot stand.

> When the elements of malice and an underlying felony both exist in a murder case, the law does not preclude verdicts of guilty of both malice and felony murder. However, [as to an individual] victim, the defendant may be sentenced on either but not both. [Cits.] . . . It follows that the trial court erred in failing to sentence [Brown] only on the malice murder count[s] and that the separate sentences on the [three] alternative felony murder counts must be vacated. "The convictions of felony murder were simply surplusage, which should properly have been disposed of by the trial court's sentence of only one life sentence for [each of the malice] murder counts. [Cits.]"

(Punctuation omitted.) *Malcolm v. State*, 263 Ga. 369, 371 (4) (434

SE2d 479) (1993). Under the circumstances, we remand to the trial court with direction that the three sentences for felony murder be vacated.

*Judgments affirmed, sentence vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED MAY 16, 2011 —
RECONSIDERATION DENIED JUNE 13, 2011.

*Jimmonique R. S. Rodgers,* for appellant.

*Robert E. Brooks, Jr., District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General, Gary D. Bergman,* for appellee.