**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**May 28, 2020**

# In the Court of Appeals of Georgia

A20A0458. MULE v. THE STATE.

MERCIER, Judge.

A jury found Gina Mule guilty of reckless driving. Following the denial of her motion for new trial, Mule appeals, asserting several claims of error. Having reviewed these claims, we find no reversible error and therefore affirm.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). So construed, the evidence showed that Mule drove to the back parking lot of her son's high school to pick him up after school, although carpool took place in the front of the school. School buses picked up students from the back of the school, and as Mule drove to

the back parking lot, she drove around and past three or four moving buses that were in line to turn into a designated "bus loop." As one of the buses with children aboard was turning left into the bus loop, it stopped suddenly to avoid hitting Mule's vehicle. The bus driver, Deborah Harmon, testified that she was driving five miles per hour when Mule, who appeared to not be paying attention, passed her on the left side as she was making a left turn, and that Harmon was inches away from hitting Mule's vehicle when she slammed on the bus' brakes.

A second bus driver testified that she was driving one of the buses "rolling" behind Harmon and that she attempted to radio Harmon to tell her that Mule was about to pass her. She stated further that students were walking in the area, that Mule "almost hit the bus," and that Harmon had to "slam [on] her brakes." The assistant principal, Maggie Stultz, was helping load the school buses, and from about 150 yards away, she observed Mule's vehicle pass the buses moving in the same direction and that Harmon's bus suddenly came to a stop. Stultz then radioed the school resource officer. The resource officer approached Mule, asked for her license and insurance, and then asked her to come inside the school where he issued her a traffic citation for reckless driving.

Mule left the school and went to the office of the chief of police to file a complaint against the resource officer because, in her opinion, she felt that the officer had harassed her and did not follow proper protocol. At trial Mule admitted that she "passed alongside three or four buses." She asserted, however, that the buses were stationary and parked at the time, did not have flashing lights, and did not have their stop signs out, and that she followed the speed limit.

1. (a) Mule argues that the State failed to sufficiently prove that she disregarded the safety of others. She contends that there was no proof that she was speeding, weaving, or blaring music, no allegation that she was intoxicated, and no evidence of signs prohibiting drivers from the area at certain times of the day. Mule argues further that there was no evidence she drove on the wrong side of the road or failed to maintain her lane, and any assertion that Harmon had to slam on her brakes to avoid a collision was "hyperbolic and an exaggeration." OCGA § 40-6-390 (a) provides "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." And "whether a defendant's manner of driving under the circumstances demonstrated a reckless disregard for the safety of others is a question that is reserved for the jury." *Turner v. State*, 342 Ga. App. 882, 884 (1) (805 SE2d 624) (2017) (citation omitted). This

3

Court does not weigh the evidence or determine witness credibility. *Martinez v. State*, 315 Ga. App. 727 (728 SE2d 255) (2012).

Here, there was evidence from which the jury could conclude that Mule was driving in excess of the posted speed limit during school dismissal in an area where students were present, and evidence that she drove past a moving school bus with students aboard, causing the bus driver to suddenly brake to avoid hitting Mule's vehicle. This was sufficient to establish that Mule drove her vehicle in a manner exhibiting a reckless disregard for the safety of persons or property. See *Winston v. State*, 270 Ga. App. 664, 665 (1) (a) (607 SE2d 147) (2004) (evidence that defendant drove above the speed limit without headlights on a rainy night, and was not watching the road, and did not sound her horn or apply brakes before striking pedestrians, was sufficient to support conviction for reckless driving); *Young v. State*, 294 Ga. App. 227, 231 (669 SE2d 407) (2008) (defendant's conduct in driving off suddenly while an officer was standing close to defendant's vehicle supported conviction for reckless driving).

(b) Mule also argues that the trial court erred in denying her motion for a directed verdict of acquittal. She argues that the evidence was insufficient to sustain

4

her conviction because the traffic citation and her "non-custodial arrest" were based upon what the resource officer was told by others and not his personal observation of the incident. See OCGA § 17-4-23 (a) ("A law enforcement officer may arrest a person accused of violating any law . . . governing the operation, . . . of motor vehicles . . . by the issuance of a citation, provided that such offense is committed in his or her presence . . . ."). Although Mule was initially issued a traffic citation for reckless driving, two months later the State charged her with the crime by accusation. She was not prosecuted under the citation, but under the superceding accusation. See *Walker v. State*, 280 Ga. App. 393, 395 (2) (634 SE2d 177) (2006) (prosecuting attorney is not bound by traffic citation initially issued and may file an accusation; the accusation supersedes any uniform traffic citation as the charging instrument); *Smith v. State*, 239 Ga. App. 515, 517 (2) (521 SE2d 450) (1999) ("accusation superseded any uniform traffic citation as the charging instrument"). Notably, the evidence was sufficient for a rational trier of fact to find Mule guilty beyond a reasonable doubt of the crime of reckless driving as charged in the accusation. This claim of error is therefore without merit.

2. Mule asserts that Stultz and Harmon violated the rule of sequestration and that the court erred in denying her request to strike their testimony.[1] "The decision of whether to allow a witness to testify in violation of the rule of sequestration is within the discretion of the trial court and will not be disturbed on appeal unless such discretion is abused." *Rakestrau v. State*, 278 Ga. 872, 876 (4) (608 SE2d 216) (2005) (citations omitted).

After the matter was brought to the court's attention, a spectator at the trial testified that she had observed Stultz and Harmon conversing in the hallway after Stultz testified and before Harmon testified. A second spectator testified that she had also observed the two having a conversation and that she overheard Stultz tell Harmon, "you need to tell them how you slammed on the brakes on the school bus." Stultz was called back to the stand and admitted to having a conversation with Harmon and other bus drivers in the hallway outside of the courtroom. She explained that she and the bus drivers discussed what they had witnessed at the school on the day of the incident, and that she told them she wished she had remembered certain

---

[1] In her brief, Mule complains that the second bus driver also violated the rule of sequestration, but at trial she moved to strike the testimony of only Stultz and Harmon.

details while on the stand. However, Stultz denied otherwise discussing with them her earlier testimony.

Mule asked the trial court to strike the testimony of Stultz and Harmon and to give a curative instruction. The court declined to strike their testimony, but agreed to give the jury a curative instruction.[2]

OCGA § 24-6-615 provides that at the request of a party or on the court's own motion, the court "shall order witnesses excluded so that each witness cannot hear the testimony of other witnesses." "[T]he purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *Davis v. State*, 299 Ga. 180, 185 (2) (a) (2) (787 SE2d 221) (2016). But the "failure of a witness to comply with the sequestration rule does not of itself render his testimony inadmissible, although it may affect the weight of the testimony." *Brown v. State*, slip op. at 7 (2) (Case No. A19A2359, decided March 13, 2020) (citation omitted) (physical precedent only). And,

_____

[2] The court instructed the jury: "It was brought to the [c]ourt's attention that witness Maggie Stultz and Deborah Harmon violated the [c]ourt's order to not discuss the case with each other. You should consider or infer that these communications were improper to the extent that they violated the rule of sequestration. You may consider what weight and credibility to give their testimony."

> [w]here the improper communication occurs outside the courtroom and the trial court is assured that the communication will not affect the witnesses' testimony, the appropriate remedy is for the trial court to admit the testimony and, if requested by opposing counsel, to charge the jury that it can consider the violation in assessing the witnesses' credibility.

*Brown v. State*, 301 Ga. 728, 733 (3) n.7 (804 SE2d 16) (2017) (citation and punctuation omitted). As the trial court gave such a charge here, we cannot say it abused its discretion in how it handled the communication between Stultz and Harmon. Mule has pointed to no authority, and we have found none, requiring a more severe sanction under these circumstances.

3. Mule asserts that the trial court erred in failing to exclude as irrelevant a portion of the testimony given by the resource officer and the police chief. Both witnesses testified that during their interaction with Mule, she was hostile, angry, and cursing. Mule argues this testimony was not relevant as to whether she committed the offense of reckless driving and was elicited to impugn her character. See OCGA §§ 24-4-402 (irrelevant evidence not admissible) and 24-4-404 (character evidence generally not admissible). She argues further that even if the testimony was relevant, she was unfairly prejudiced by its admission. See OCGA § 24-4-403 (relevant

evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, etc.). "The admission or exclusion of evidence is within the sound discretion of the trial court and such determinations will not be disturbed in the absence of showing an abuse of discretion." *Crayton v. State*, 298 Ga. 792, 798 (4) (784 SE2d 343) (2016) (citation omitted).

Mule objected to a portion of the resource officer's testimony on the ground that it was not relevant to the offense of reckless driving, but made no objection to the police chief's testimony on this ground. We would therefore only review her claim with regard to the admissibility of a portion of the police chief's testimony for plain error. See *Castillo-Velasquez v. State*, 305 Ga. 644, 652 (4) (827 SE2d 257) (2019); OCGA § 24-1-103 (d) (rulings on evidence; plain error review). In any event, however, Mule has not shown that any such error in allowing the complained-of testimony probably affected the outcome below. See *Bozzie v. State*, 302 Ga. 704, 708 (2) (a) (808 SE2d 671) (2017) (for both nonconstitutional harmless error and the determination of prejudice under the plain error test, we review whether the error prejudiced the outcome of the trial). The evidence in this case consisted of the testimony of several witnesses who described Mule's driving in such a way that the jury could conclude it was reckless. Further, Mule contradicted to some extent the

testimony of the resource officer, testifying that she was not hostile toward the officer. Therefore, even if the trial court erred in allowing testimony concerning her demeanor and behavior, we cannot say that it affected the outcome of the trial. See, e.g., *Smith v. State*, 302 Ga. 717, 724 (3) (808 SE2d 661) (2017) (admission of defendant's offensive language did not create risk of unfair prejudice that substantially outweighed its probative value under OCGA § 24-4-403).

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.